THE BOARD OF SUPERVISORS OF THE COUNTY OF SENECA, PLAINTIFF, *v.* WALTER H. ALLEN AND OTHERS, DEFENDANTS.

*County treasurer of Seneca county — right of, to receive fees for the collection and payment of the State tax — 1875, chap. 605, as amended by chap. 213 of 1879 — 1871, chap. 110.*

Chapter 605 of 1875 relating to county treasurers in Monroe and Seneca counties, as amended by chapter 213 of 1879, was not intended to, and did not, deprive the county treasurers of those counties, of the amount which they were entitled to receive for the collection and payment of the State taxes as fixed by chapter 110 of 1871.

MOTION by the plaintiff for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a dismissal of the plaintiff's complaint at the circuit.

The defendant Allen was county treasurer of Seneca county and gave his bond, with the other defendants as securities, to faithfully account for all money which should come to his hands as such county treasurer.

This action was brought to recover $2,168.69, which the plaintiff claimed that Allen did not account for and pay over. Of this sum $1,019.26 were deposited to the credit of the State treasurer by Allen's predecessor in the banking office of one Wheeler, and still remain there to the credit of the State treasurer, and never were in the hands of or custody of Allen. The balance, $1,151.43, were State funds deposited to the credit of the State, having been paid to Allen, by checks

and orders of officers of the State, as his fees for collecting the moneys for the State.

*Peter H. Van Auken,* for the motion.

*Frederick L. Manning, Charles A. Hawley* and *J. B. Murray,* for the defendants.

HARDIN, J.:

Chapter 110 of the Laws of 1871 provided that county treasurers should receive for services, instead of the fees then allowed by law, such compensation "as shall be fixed by the respective boards of supervisors of their respective counties." * * * It is also provided that "in addition to such compensation so fixed as aforesaid they shall be entitled to retain a commission of one per centum on every dollar belonging to the State which they shall receive and pay over, * * * but in no case to exceed the sum of five hundred dollars." * * * "In receiving and paying over such (State) taxes county treasurers act in behalf of the State and not of the county." (*People ex rel.* v. *Supervisors,* 11 Hun, 307, opinion of GILBERT, J.)

The act of 1871 proceeds upon the well understood fact that the treasurers act in a dual capacity, and therefore provides a mode of compensation for two classes of duty, viz., the one in behalf of the county and the other in behalf of the State.

In 1875 the legislature passed its chapter 605, which relates "to the county treasurers of the counties of Monroe and Seneca," exclusively. That statute recognizes the double capacity in which the treasurers are called upon to act. The first six sections of the act seem to relate to the duties devolved upon the treasurers in behalf of their respective counties. Then follows section seven, which relates to a duty to be done with State taxes. It requires the treasurer "to make a special deposit to the credit of the State treasurer, in the bank or banks designated as aforesaid, of all moneys collected on account of the State tax in the said counties."

In chapter 213 of the Laws of 1879, the act of 1875 was amended by adding section 12 to the act of 1875, whereby it is made to declare that nothing in the act of 1875 "shall be construed as preventing the treasurers of the said counties from retaining * * * the same compensation for receiving and paying the money belong-

ing to the State every year as that allowed by chapter 110 of the Laws of 1871." The act then declares, viz.: "But the comptroller is hereby authorized to allow to the said treasurers, for the benefit of their respective counties on the State taxes heretofore and hereafter received and *paid over* by them, where not already allowed, the compensation provided by the said chapter 110." What was the effect of this amendment of 1879? Was it to keep up the two characters in which the treasurer acts, or was it the intent that the compensation fixed and allowed by the board of supervisors for services in behalf of the county should be the maximum and exclusive measure of compensation for his services in both capacities. We incline to the opinion that the payment by the State to him was for services in behalf of the State, and "in addition to such compensation so fixed," as the act of 1871 phrases it, to such compensation as the board of supervisors should fix for services in behalf of the county.

It may be urged that this construction does not give force to the words in the statute, "for the benefit of their respective counties," found in the act of 1879. But we think it more reasonable to suppose that the board of supervisors, when establishing the salary to be paid the treasurer in behalf of the county, may take "the benefit for their respective counties," and give the counties such benefit as they ought to receive, in view of the fact that the incumbent derives certain compensations from the State for his services in behalf of the State as such treasurer. This construction seems to be the one given to the legislation by the financial officers of the State. Certain of the funds in dispute were paid over to the State by being deposited to its credit, as was required by law, and then paid by the State officers to the defendant Allen as for his services in behalf of the State. The construction by the State officers is entitled to some weight in our efforts to ascertain the real intent of the legislature. (Potter's Dwarris, 179; *Edwards' Lessee. v. Darby*, 12 Wheat., 210.) A different construction would bring us to inquire whether the act of 1875 and its amendment in 1879 were constitutional, and to consider them in connection with section 18 of article 3, and section 23 of article 3, and section 16 of article 3, and section 9 of article 1 of the Constitution.

From what has been said, we conclude that the plaintiff has

not established any title to or interest 'in the funds sought to be recovered of the treasurer defendant and his sureties. The result at the circuit was therefore right.

Motion denied and judgment ordered for defendants.

SMITH, P. J., and BARKER, J., concurred.

New trial denied and judgment ordered for the defendants on the verdict.